IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:99-cv-00061-FDW
(3:95-cr-00005-FDW)

| | |
|---|---|
| MARC PIERRE HALL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se Rule 60(b) motion to set aside his criminal judgment and for a new trial, which the Court finds is an unauthorized, successive § 2255 attack on his criminal judgment. (3:99-cv-00061, Doc. No. 63).

On December 15, 1995, Petitioner was convicted by a jury in this district for conspiracy to possess with intent to distribute cocaine and cocaine base within 1000 feet of a school or playground, in violation of 21 U.S.C. § 846 (Count One); two counts of the use and carry of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) and (2) (Counts Ten and Eleven), and one count of the use and carry of a destructive device and causing damage and destruction to real property which was in and affecting commerce, in violation of 18 U.S.C. § 844(i) (Count Twelve). (3:95-cr-00005, Doc. No. 345: Jury Verdict). Petitioner was sentenced to a term of life imprisonment on Count One; a term of 480-months' imprisonment on Count Twelve to run concurrently to the sentence imposed in Count One; a term of 60-months on Count Ten to run consecutive to Counts One and Twelve; and a second life term on Count Eleven with such term to run consecutive to Counts One, Ten and Twelve.

1

Petitioner's judgment was entered on May 13, 1996. (Id., Doc. No. 409). Petitioner's judgment was affirmed on appeal to the United States Court of Appeals for the Fourth Circuit. Of particular note, on direct appeal the Court rejected Petitioner's argument that there was an insufficient nexus between the firebombing incident – which involved a private residence and was ordered by Petitioner – and interstate commerce (the § 844(i) conviction). See United States v. Hall, 129 F.3d 1261, 1997 U.S. App. LEXIS 32248 at *5-7 (4th Cir. 1997) (unpublished table decision), cert. denied, 524 U.S. 932 (1998).

On or about February 17, 1999, Petitioner filed a pro se motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255. (3:99-cv-00061-FDW). Petitioner raised a similar challenge on collateral review to his § 844(i) conviction, as on direct appeal, this time citing the Supreme Court's opinion in Jones v. United States, 529 U.S. 848 (2000), which was filed on May 22, 2000. Petitioner asserts that the district court never ruled on the Jones claim in denying relief in his § 2255 proceeding. However, the court did specifically note that his challenge to this conviction was impermissible on collateral review after noting that the Fourth Circuit had rejected an indistinguishable argument on direct appeal. See (3:99-cv-00061, Doc. No. 55: Mem. and Order at 6) (citing Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976)).[1]

Petitioner's § 2255 motion was denied in all respects and his appeal was dismissed. See United States v. Hall, 26 Fed. App'x 357 (4th Cir.) (per curiam), cert. denied, 537 U.S. 894 (2002). Petitioner followed with three pro se § 2255 motions that were each dismissed as

---

[1] The Circuit Court found that the private residence that was firebombed was also utilized in an active drug trade which the Court found qualified as an occupation in and affecting interstate commerce. Hall, 1997 U.S. App. LEXIS 32168, at *5-7).

2

successive and his appeals were dismissed. See (3:05-cv-425-GCM; 3:07-cv-415-FDW; 3:07-cv-438-FDW).

On or about October 28, 2014, in yet another effort to challenge his § 844(i) conviction, Petitioner filed a motion in which he argued that his Jones claim was never ruled upon by the district court.[2] Petitioner also maintained that he filed motions to amend while his § 2255 motion was pending to include the Jones claim, but each of his requests were denied. (3:99-cv-00061, Doc. No. 63 at 2). In the order denying Petitioner's motion, this Court found as follows:

> Although Petitioner classifies his motion as one under Rule 60(b) of the Federal Rules of Civil Procedure, the Court is bound to "classify *pro s*e pleadings according to their contents, without regard to their captions." United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (citing United States v. Emmanuel, 288 F.3d 644, 647 (4th Cir. 2002)). Petitioner is seeking to relitigate the issue of his guilt on the § 844(i) charge, however that issue has been ruled upon on direct appeal and his certiorari petition was denied by the Supreme Court. Moreover, Petitioner's criminal judgment was final following direct review for nearly a year before he filed his § 2255 motion in 1999, and the Supreme Court, although they decided Jones in 2000, have provided no indication that the holding was made retroactively applicable to cases on collateral review.

(Id., Doc. No. 64: Order at 3).

This Order was filed on March 9, 2015, and Petitioner filed a notice of appeal from this Order with the Fourth Circuit. The Clerk forwarded the appeal to this Court and noted that the appeal would be considered filed on the day it was received by the Fourth Circuit which was on July 6, 2015. (Id., Doc. No. 65: Notice of Appeal). The Clerk for this district transmitted the notice of appeal to the Fourth Circuit along with the electronic record. The Court dismissed the appeal for want of jurisdiction because the appeal was not timely filed. United States v. Marc Pierre Hall, 627 F. App'x 223 (4th Cir. Dec. 22,

---

[2] As noted in the district court's memorandum, the court did not reach the merits of the § 844(i) challenge because the Fourth Circuit affirmed the legality of the conviction on direct appeal.

2015). On February 22, 2016, the Court denied Petitioner's petition for rehearing and the mandate issued on March 1.

Petitioner followed with still another motion entitled "Rule 60(d)(1) for error of law/affidavit" in which he renews the Jones challenge to his § 844(i) conviction and maintains this claim has never been adjudicated in this Court on habeas review. (Id., Doc. No. 69).[3] The Court finds, despite Petitioner's assertion to the contrary, that the present motion is an authorized, successive petition and that this Court is without jurisdiction to entertain its merits. See 28 U.S.C. § 2255(h). See e.g., In re Vial, 115 F.3d 1192 (4th Cir. 1997) (en banc); Winestock, 340 F.3d at 205.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion for Reconsideration is **DENIED**. (Doc. No. 69).

2. Petition's Motions for Leave are **DENIED**. (Doc. Nos. 71-72).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

---

[3] Petitioner also filed motions in which he reiterates his Jones claim. (Id., Doc. Nos. 71-72). These motions will be denied for the reasons his Rule 60(d) motion is denied.

The Clerk is directed to transmit a copy of this Order to the Fourth Circuit.

**SO ORDERED**.

Signed: November 10, 2016

Frank D. Whitney
Chief United States District Judge